IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Juul Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Myle Vape Inc., <br><br> The Electric Tobacconist, LLC, <br><br> Defendants. | Civil Action No. <br><br> **COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

Plaintiff Juul Labs, Inc. ("Juul" or "Plaintiff") files this Complaint against Myle Vape Inc. ("Myle") and The Electric Tobacconist, LLC ("Electric Tobacconist") (collectively "Defendants") and alleges as follows:

### NATURE OF THIS ACTION

1. This is a civil action arising out of Myle's patent infringement in violation of the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281-285.

### PARTIES

2. Juul is a privately-held corporation organized and existing under the laws of Delaware, having a principal place of business at 560 20th Street, San Francisco, CA 94107.

3. Myle is a New York corporation with its principal place of business in New York, at 8085 Chevy Chase Street, Jamaica, NY 11432.

4. Electric Tobacconist is a Colorado corporation with its principal place of business at 3235 Prairie Avenue, Boulder, CO 80301.

1

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over Juul's patent-infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Myle at least because Myle is incorporated in this District, and has purposefully distributed the accused Myle devices and pods within New York, made those products available for sale through an established distribution chain (including retailers within New York, as well as the https://csvape.com/myle-pod-system-starter-kit.html website), and Juul's cause of action for patent infringement arises out of these activities. *See* Ex. 1 [print out of https://csvape.com/myle-pod-system-starter-kit.html website]; Ex. 2 [shipping information from https://csvape.com/myle-pod-system-starter-kit.html website]; Ex. 3 [retail receipt for Myle device]; Ex. 4 [online receipt for Myle device].

7. This Court has personal jurisdiction over Electric Tobacconist at least because Electric Tobacconist has purposefully distributed the accused Myle devices and pods into New York, made those products available for sale through an established distribution chain (including the www.electrictobacconist.com website), and Juul's cause of action for patent infringement arises out of these activities. *See* Ex. 5 [print out of Myle devices and pods on electrictobacconist website]; Ex. 6 [shipping information from Electric Tobacconist Website].

8. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) at least because Myle is a resident and corporate citizen of this District, and because Myle has committed acts of infringement in this District.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,070,669

9. Juul re-alleges and incorporates by reference Paragraphs 1-8 above, as if fully set forth herein.

10. On September 11, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,070,669, entitled "Cartridge for Use with a Vaporizer Device," to inventors James Monsees, Adam Bowen, Nichols Jay Hatton, Steven Christensen, Kevin Lomeli, Ariel Atkins, and Aaron Keller. The '669 patent issued from U.S. Application No. 15/820,370, filed November 21, 2017. There are no fees currently due with respect to the '669 patent.

11. The '669 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '669 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '669 patent is valid and enforceable. A true and correct copy of the '669 patent is attached as Exhibit 7.

12. Juul virtually marks its products with the appropriate patent numbers, including the '669 patent.

13. On information and belief, Myle and Electric Tobacconist manufacture, use, import, distribute, offer to sell, and/or sell in the United States the Myle devices and pods that infringe the '669 patent under 35 U.S.C. § 271(a). For example, the Myle devices and pods infringe claims 1, 2, 4, 5, 7, 8, 10, 12, 13, 16, 17, 20, and 21 of the '669 patent at least because these devices and pods include each and every limitation of these claims either literally or under the doctrine of equivalents. An exemplary claim chart for the Myle devices and pods is attached as Exhibit 8.

14. By their actions, Myle's and Electric Tobacconist's infringement of the '669 patent has irreparably harmed Juul. Unless Myle's and Electric Tobacconist's infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

15. By their actions, Myle's and Electric Tobacconist's infringement of the '669 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for Myle's and Electric Tobacconist's infringing acts.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,076,139

16. Juul re-alleges and incorporates by reference Paragraphs 1-15 above, as if fully set forth herein.

17. On September 18, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,076,139, entitled "Vaporizer Apparatus," to inventors James Monsees, Adam Bowen, Steven Christensen, Joshua Morenstein, and Christopher Nicholas HibmaCronan. The '139 patent issued from U.S. Application No. 15/257,760, filed September 6, 2016. There are no fees currently due with respect to the '139 patent.

18. The '139 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '139 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '139 patent is valid and enforceable. A true and correct copy of the '139 patent is attached as Exhibit 9.

19. Juul virtually marks its products with the appropriate patent numbers, including the '139 patent.

20. On information and belief, Myle and Electric Tobacconist manufacture, use, import, distribute, offer to sell, and/or sell in the United States the Myle devices and pods that infringe the '139 patent under 35 U.S.C. § 271(a). Specifically, the Myle devices and pods infringe claims 1-4, 9-11, 13, 14, 19-21, 24, 28, and 29 of the '139 patent at least because these

devices and pods include each and every limitation of these claims either literally or under the doctrine of equivalents. An exemplary claim chart for the Myle devices and pods is attached as Exhibit 10.

21. By their actions, Myle's and Electric Tobacconist's infringement of the '139 patent has irreparably harmed Juul. Unless Myle's and Electric Tobacconist's infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

22. By their actions, Myle's and Electric Tobacconist's infringement of the '139 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for Myle's and Electric Tobacconist's infringing acts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Myle and Electric Tobacconist as follows:

A. That Myle, ALD, and all of its subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and their heirs, successors and assigns, and all persons acting in concert or participation with Myle and Electric Tobacconist and each of them, be immediately enjoined and restrained, preliminarily and permanently, without bond, from manufacturing, distributing, selling or offering to sell in the United States or importing into the United States products infringing the claims of the patents-at-issue; and deliver to Plaintiff all products that infringe the patents-at-issue;

B. A judgment by the Court that Myle and Electric Tobacconist hves infringed U.S. Patent Nos. 10,070,669 and 10,076,139;

C. An award of damages for infringement of U.S. Patent Nos. 10,070,669 and 10,076,139 together with prejudgment interest and costs, said damages to be trebled by reason of the intentional and willful nature of Myle's and Electric Tobacconist's infringement, as provided by 35 U.S.C. § 284;

D. A determination that this case is "exceptional" under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

E. That any monetary award includes pre- and post-judgment interest at the highest rate allowed by law;

F. For costs of suit; and

G. For such other or further relief as the Court deems just and proper.

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury of any issues triable of right by a jury.

Dated: October 3, 2018         By:   /s/ Jessica M. Lau
                                     Theodore L. Hecht
                                     Jessica M. Lau
                                     SCHNADER HARRISON SEGAL & LEWIS LLP
                                     140 Broadway, Suite 3100
                                     New York, NY 10005
                                     (212) 973-8000
                                     thecht@schnader.com
                                     jlau@schnader.com

                                     *Attorneys for Plaintiff Juul Labs, Inc.*

                                     *Of Counsel:*

                                     Daniel E. Yonan
                                     Michael E. Joffre
                                     Nirav N. Desai
                                     STERNE, KESSLER, GOLDSTEIN & FOX PLLC
                                     1100 New York Avenue, NW
                                     Washington, DC 20005

6

(202) 371-2600  
(202) 371-2540 (fax)  
dyonan@sternekessler.com  
mjoffre@sternekessler.com  
ndesai@sternekessler.com